**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Protection One Alarm Monitoring, Inc., a Delaware corporation,<br><br>        Plaintiff,<br><br>vs.<br><br>Monitronics International, Inc., a Texas corporation,<br><br>        Defendant. | No. CIV-04-2012-PHX-MHM<br><br>**ORDER** |

Currently, before the Court is Plaintiff's Motion for Sanctions Against Monitronics Pursuant to Rule 37(a)(4)(A). (Dkt. #51). Having reviewed the motion, the Court enters the following Order.

**I.     Factual & Procedural Background**

This is a tortious interference with contract case. The parties are competitors in the business of monitoring and providing security alarm services. On June 2, 2005, the parties alerted the Court of a discovery dispute regarding Plaintiff Protection One Alarm Monitoring, Inc.'s ("Protection One") request for production of civil complaints Defendant Monitronics International, Inc. ("Monitronics") has filed against dealers alleging violation of non-solicitation agreements. Monitronics objected to the production of these documents on the basis production was unduly burdensome and irrelevant. However, in its response to the motion for sanctions, Defendant argues solely its refusal to produce its civil complaints

related to dealers violations of non-solicitation agreements was substantially justified because these complaints are irrelevant to this litigation. At a hearing held on June 15, 2005, the Court concluded the production of Monitronic's civil complaints was not unduly burdensome or irrelevant.

**II.     Legal Standard**

Rule 37 (a)(4)(A) of the Federal Rules of Civil Procedure provides upon granting a motion to compel "the court shall . . . require the party or deponent whose conduct necessitated the motion . . . to pay to the moving party the reasonable expenses incurred in making the motion" unless the nondisclosure was substantially justified. FED. R. CIV. PRO. 37(a)(4)(A).

**III.    Discussion**

Defendant argues its civil complaints are irrelevant because the subject of this litigation is Defendant's alleged tortious interference with Plaintiff's non-solicitation agreements. Defendant argues complaints related to its non-solicitation agreements with dealers not subject to this litigation is irrelevant to Plaintiff's non-solicitation agreements. Additionally, Defendant argues it was willing to stipulate to its knowledge of these industry standard non-solicitation agreements and that Protection One's non-solicitation agreement was enforceable.

Defendant has failed to meet its burden in establishing its position was substantially justified. Specifically, production of Defendant's complaints is relevant to Defendant's knowledge of industry-standard non-solicitation agreements and their enforceability. Moreover, Defendant has failed to cite any authority for the proposition its willingness to stipulate to the enforceability of Protection One's non-solicitation agreement relieves it of its duty to produce relevant documents.

Identification of lawsuits is in the Arizona Civil Procedures form interrogatories. Ariz. R. Civ. Pro. 84. (Form 6) (identifying civil lawsuits to which opposing side has been a party). Furthermore, courts have found, documents relating to other lawsuits would tend to lead to discovery of admissible evidence. See, e.g. Saldi v. Paul Revere Life Ins. Co., 224

1  F.R.D. 169 (E.D.Pa. 2004) (concluding in action alleging wrongful termination of disability
2  benefits, district court would properly allow discovery regarding insurers' involvement in bad
3  faith litigation during time that insured was requesting benefits, since such evidence was
4  relevant to insurers' purported misconduct and recidivism).

**Accordingly,**

**IT IS HEREBY ORDERED** Plaintiff's Motion for Sanctions Against Monitronics Pursuant to Rule 37(a)(4)(A) is GRANTED. (Dkt. #51).

DATED this 29th day of September, 2005.

_____
Mary H. Murguia
United States District Judge